OPINION
Appellant, Joseph Whittenberger, appeals from the judgment issued by the Portage County Court of Common Pleas, convicting him of complicity to aggravated burglary, in violation of R.C. 2923.03
and 2911.11.
On December 1, 1997, Carol Howd was brutally beaten to death and Guy Lance was seriously injured during a burglary of her residence located behind LCI Computers in Palmyra Township, Portage County, Ohio. On December 19, 1997, appellant confessed his involvement in the crime to Sheriff Kaley and implicated his co-defendants. Appellant told Sheriff Kaley that he and his friends, Douglas and Michael Jenkins, drove to LCI Computers in order to break into the store and steal computer equipment. When they arrived at the store, Douglas Jenkins left the car to determine whether anyone was still inside the business. When he returned, he reported that he heard someone snoring. Appellant gave the following description of his involvement:
 "I wasn't keen on the idea of going in there with people, but Mike said we were gonna go in there and have Doug tape them up, you know, put tape over their mouth and eyes. Then they would like turn on the porch light. I was supposed to be driving around in the car and pull into the driveway and then they'd turn on the porch light so I could pull the car in and then they'd load it up. So, I let them out at the corner of that road and another road and Doug took a tire iron and Mike took his gun, and they were wearing like T-shirts over their heads * * *."
Appellant then drove home with the Jenkins brothers and watched them discard their bloody clothes.
On December 24, 1997, appellant was indicted by the Portage County Grand Jury on one count of complicity to commit aggravated murder, in violation of R.C. 2923.03 and 2903.01; one count of complicity to commit attempted aggravated murder, in violation of R.C. 2923.02, 2923.03, and 2923.01; one count of complicity to commit aggravated burglary, in violation of R.C. 2923.03 and2911.11; one count of complicity to commit aggravated robbery, in violation of R.C. 2923.03 and 2911.01; and, one count of tampering with evidence, in violation of R.C. 2921.12.
On March 4, 1998, appellant agreed to plead guilty to complicity to commit aggravated burglary, in exchange for the State dropping the remaining charges against him. After conducting a sentencing hearing, the trial court ordered that appellant be sentenced to the Ohio Department of Rehabilitation and Correction, Grafton, Ohio for a definite term of imprisonment of ten years, the maximum term of imprisonment for the offense of aggravated burglary. From this judgment of conviction, appellant assigns the following error:
 "The trial court erred, to the prejudice of defendant, in sentencing defendant to the maximum sentence of ten years for the crime of complicity to aggravated burglary."
In his sole assignment of error, appellant alleges that the trial court erred by imposing the maximum sentence against him. Appellant contends that his sentence was inappropriate because he did not commit the worst form of the offense. He maintains that because he was only convicted of complicity to commit aggravated burglary and the Jenkins brothers actually committed the crime, he did not commit the worst form of aggravated burglary.
In State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131, the Ohio Supreme Court recently addressed the statutory requirements for imposing a maximum sentence. The court determined that "[i]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Id. at 12. The court also determined that a trial court must "`make a finding thatgives its reasons for selecting the sentence imposed' if the sentence is for one offense and is the maximum term allowed for that offense * * * [and] set forth its `reasons for imposing themaximum prison term.'" Id. at 11, quoting R.C. 2929.19(B)(2)(d). In Edmonson, the court concluded that the trial court had not complied with the above sentencing requirements because the trial court had not made a finding that Edmonson fit within one of the categories of offenders in R.C. 2929.14(C), let alone state the reasons why Edmonson fit within one of those categories. Id. at 11-12.
R.C. 2929.14(C) provides:
 "The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat offenders * * *."
In the instant case, the trial court specifically found that "defendant committed the worst form of Aggravated Burglary and the Defendant poses a great likelihood of committing future crimes." At the sentencing hearing, the trial court explained its reason for finding that appellant had committed the worst form of aggravated burglary. It stated: "This court can conceive of no worse aggravated burglary that could be committed than where an individual asleep in [her] bed loses [her] life and another person is seriously injured." The trial court gave no reason for why it believed that appellant posed a great likelihood of committing future crimes. Because an offender must fit within only one of the categories set forth in R.C. 2929.14(C), the trial court complied with R.C. 2929.19(B)(2)(d) by finding that appellant committed the worst form of aggravated burglary and stating its reason for that finding.
Because appellant received the maximum sentence for the offense, he is entitled to de novo review of the sentence by this court. See 2953.08(A)(1)(a). We must determine whether (1) the law provides for the sentence imposed, (2) the trial court complied with the purposes and principles of sentencing set forth in R.C. 2929.11 and 2929.12, and (3) the record supports the findings of the trial court in imposing the sentence. See Statev. Richmond (March 13, 1998), Hamilton App. No. C-970518, unreported. Pursuant to R.C. 2953.08(G)(1)(a) and (d), this court may "increase, reduce, or otherwise modify * * * or may vacate the sentence and remand the matter to the trial court for resentencing if [we] * * * clearly and convincingly find * * * [t]hat the record does not support the sentence * * * [or] [t]hat the sentence is otherwise contrary to law."
Appellant was convicted of aggravated burglary, a felony of the first degree. Under R.C. 2929.14(A)(1), the law provides for the ten-year prison term imposed.
The trial court stated that it chose to sentence appellant to the maximum because he committed the worst form of aggravated burglary. Under R.C. 2929.11, "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender * * * and to punish the offender." Under R.C. 2929.12, serious physical injury to the victim is a factor indicating that the offender's conduct is more serious than conduct normally constituting the offense. We will uphold the trial court's sentence as long as the record supports its conclusion that appellant committed the worst form of the offense because sentencing an offender to the maximum term of imprisonment for committing the worst form of an offense comports with the purposes and principles of felony sentencing.
To determine whether an offender committed the worst form of an offense, the trial court should consider the totality of the circumstances. State v. Garrard (1997), 124 Ohio App.3d 718,707 N.E.2d 546. The evidence presented to the trial court in this case showed that the perpetrators of this crime devised a plan to break into a business at night. They knew that people were inside so they bought duct tape and took a tire iron and a gun inside the building. Showing a complete disregard for human life, the Jenkins brothers beat a woman to death with a tire iron while she was asleep in her bed, and they also brutally beat a man. The totality of the circumstances, including evidence of premeditation, extreme brutality, innocent victims, and fatal injury, supports the trial court's finding that the crime committed by appellant and the Jenkins brothers was the worst form of aggravated burglary.
Appellant asserts that the record does not support the trial court's finding that he commited the worst form of aggravated burglary because he stayed in the car and did not help the Jenkins brothers brutally beat the victims. He argues that the trial court should have considered appellant's individual participation in the offense rather than focus on the victims' injuries to determine whether appellant committed the worst form of aggravated burglary. The argument that appellant is less culpable because he was convicted as an accomplice ignores R.C. 2923.03(F), which provides:
 "Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense."
[Emphasis added].
Appellant is no less culpable because he was an accomplice to the aggravated burglary. Because appellant participated in an aggravated burglary that was the worst form of the offense, we cannot find, by clear and convincing evidence, that the maximum sentence was not supported by the record or that the sentence was contrary to law. The trial court did not abuse its discretion by sentencing appellant to the maximum term of imprisonment for the offense of aggravated burglary. Appellant's sole assignment of error has no merit.
For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.
CHRISTLEY, P.J, O'NEILL, J., concur.